UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -                   :

MICHAEL SCHLUSSEL,         :

              Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 28 2008

INDICTMENT

08 Cr.

08 CRIM 694

COUNT ONE
(Conspiracy To Commit Mail Fraud)

The Grand Jury charges:

Background

1. The United States Code requires that matter deposited in the mails which "is in the form of, and reasonably could be interpreted and construed as, a bill, invoice, or statement of account due, but constitutes, in fact, a solicitation for the order by the addressee of goods or services" must bear "on its face, in conspicuous and legible type in contrast by typography, layout, or color with other printing on its face, in accordance with regulations which the Postal Service shall prescribe" the following notice, or a notice to the same effect which the Postal Service may prescribe:

> "This is a solicitation for the order of goods or services, or both, and not a bill, invoice, or statement of account due. You are under no obligation to make any payments on the account of this offer unless you accept this offer."

39 U.S.C. § 3001(d). The related regulations require that the specified disclaimer must be "displayed in conspicuous boldface capital letters of a color prominent contrasting with the background against which it appears . . . not smaller than 30-point type." Domestic Mail Manual, Chapter 601, Section 12.1.2.

       2. At all times relevant to this Indictment, MICHAEL SCHLUSSEL, the defendant, operated a collections agency called "Alden Curtis and Michaels, Ltd." headquartered in New York, New York. SCHLUSSEL had a general familiarity with the bill-payment and invoice-processing practices of businesses.

       3. In or about March 1999, MICHAEL SCHLUSSEL, the defendant, and Alden Curtis and Michaels, Ltd., among others, were charged by the United States Postal Service ("the Postal Service") in an administrative complaint with making false representations and solicitations in the guise of a bill for fluorescent light bulbs ("the Complaint"). The solicitations, some of which were annexed to the Complaint as exhibits, each bore the following disclaimer in small type at the bottom: "UNITS WILL BE SENT WITHIN TWELVE WEEKS FOLLOWING RECEIPT OF PAYMENT. ALL RETURNS WILL BE CREDITED. THIS IS A SOLICITATION. THIS IS NOT A BILL. YOU ARE UNDER NO OBLIGATION TO PAY THE AMOUNT STATED ABOVE UNLESS YOU ACCEPT THIS OFFER."

       4. On or about February 1, 1999, to resolve the litigation initiated by the Complaint, MICHAEL SCHLUSSEL, the

defendant, individually and as vice president of Alden Curtis and Michaels, Ltd., entered into an agreement with the Postal Service in which he agreed to "refrain from making alleged materially false representations in the future" such as those contained in the exhibits to the Complaint, "under any name or names, or through any corporate or other device." SCHLUSSEL also agreed, among other things, "to cease and desist immediately from depositing into the United States mail any solicitation that is in the form of and could be reasonably construed as a bill, invoice, or statement of account due, but which in fact constitutes a solicitation for the order of a product, unless the solicitation carries the disclaimer prescribed by 39 U.S.C. § 3001(d)(2)(A) and/or the notice set forth in the Domestic Mail Manual."

<u>The Scheme</u>

5. From at least in or about September 2001, through in or about March 2008, MICHAEL SCHLUSSEL, the defendant, and others known and unknown (the "co-conspirators"), engaged in a scheme to defraud hundreds of companies through the mail by using invoice-style solicitations to cause companies to pay for goods they had not ordered and would not receive. Based on his experience operating a collections agency, SCHLUSSEL was aware that, due to the volume of invoices processed by most businesses, a percentage of false invoices that were mass-mailed,

particularly if they were amounts less than $1,000, would be paid without further inquiry.  Accordingly, SCHLUSSEL and his co-conspirators mailed and caused to be mailed thousands of invoice-style solicitations to companies across the United States, soliciting in each invoice payments of $995 purportedly for fluorescent light bulbs.  The solicitations bore a disclaimer similar to that required by the laws and regulations governing the United States Postal Service, but the disclaimer was not in the required color or typeface.

      6.   As MICHAEL SCHLUSSEL, the defendant, and his co-conspirators intended, numerous companies made payments as a result of the invoice-style solicitations, but did not receive light bulbs before or after the solicitations.  SCHLUSSEL and his co-conspirators did not intend to, and did not, send light bulbs to these companies either before or after those payments were made.

      7.   To disguise the ownership and control of proceeds realized from the fraudulent scheme, MICHAEL SCHLUSSEL, the defendant, established a number of shell companies from which the invoice-style solicitations were purportedly mailed, and opened private mailboxes at commercial mail receiving agencies ("CMRAs") to receive checks.  These shell companies included "Mark Industries," "Portland Industries," "Phillips Industries," "Oakland Industries," "Green Industries," and "Hewlett

Industries" (collectively, the "Shell Companies"). The checks payable to the Shell Companies were then deposited into an account held by Alden Curtis and Michaels, Ltd., and controlled by SCHLUSSEL.

### Statutory Allegation

8.  From at least in or about September 2001, through in or about March 2008, in the Southern District of New York and elsewhere, MICHAEL SCHLUSSEL, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States of America, to wit, violations of Title 18, United States Code, Section 1341.

9.  It was a part and an object of the conspiracy that MICHAEL SCHLUSSEL, the defendant, and his co-conspirators, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, and attempting so to do, would and did place in post offices and authorized depositories for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and would and did take and

receive therefrom, such matters and things, and would and did knowingly cause to be delivered by mail and such carrier according to the direction thereon, such matters and things, in violation of Title 18, United States Code, Section 1341.

<u>Overt Acts</u>

10. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about September 25, 2001, co-conspirators known and unknown caused an invoice-style solicitation from "Mark Industries" for $995 for fluorescent light bulbs to be mailed from New York, New York, to a marketing company in Aspen, Colorado.

b. On or about February 25, 2002, co-conspirators known and unknown caused an invoice-style solicitation from "Portland Industries" for $995 for fluorescent light bulbs to be mailed from New York, New York, to a medical company in Tampa, Florida.

c. On or about May 31, 2006, a co-conspirator ("CC-1") opened a CMRA mailbox in New York, New York, for "Hewlett Industries, Inc."

d. On or about April 25, 2007, co-conspirators known and unknown caused an invoice-style solicitation from

"Oakland Industries" for $995 for fluorescent light bulbs to be mailed from New York, New York, to a company in North Bergen, New Jersey.

   e. On or about January 22, 2007, CC-1 opened a CMRA mailbox in Queens, New York, for "Hewlett Industries."

   f. On or about May 25, 2007, co-conspirators known and unknown caused an invoice-style solicitation from "Green Industries" for $995 for fluorescent light bulbs to be mailed to a technology company in Cisco, Texas.

   g. On or about June 12, 2007, co-conspirators known and unknown caused a check from a technology company in Perris, California, in the amount of $995 payable to "Oakland Industries" to be deposited at a bank in New York, New York, into an account held by Alden Curtis and Michaels, Ltd.

   h. On or about June 29, 2007, CC-1 collected mail from a CMRA in New York, New York, for "Oakland Industries."

   i. On or about August 16, 2007, MICHAEL SCHLUSSEL, the defendant, filed a change-of-address request at a post office in New York, New York, for "Green Industries."

   (Title 18, United States Code, Section 1349.)


## COUNT TWO
(Mail Fraud)

The Grand Jury further charges:

  11. The allegations contained in paragraphs 1 through

7 and 10 are repeated and realleged as if fully stated herein.

12. From at least in or about September 2001, through in or about March 2008, in the Southern District of New York and elsewhere, MICHAEL SCHLUSSEL, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, and attempting so to do, did place in post offices and authorized depositories for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and did take and receive therefrom, such matters and things, and did knowingly cause to be delivered by mail and such carriers according to the directions thereon, such matters and things, to wit, SCHLUSSEL used invoice-style solicitations to deceive companies into paying for light bulbs that they had not ordered.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT THREE
(Conspiracy to Launder Money)

The Grand Jury further charges:

13. The allegations contained in paragraphs 1 through 7 and 10 are repeated and realleged as if fully stated herein.

14.   From at least in or about September 2001, through in or about March 2008, in the Southern District of New York and elsewhere, MICHAEL SCHLUSSEL, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States of America, to wit, violations of Title 18, United States Code, Section 1956(a)(1)(B)(i).

15.   It was a part and an object of the conspiracy that MICHAEL SCHLUSSEL, the defendant, and others known and unknown, would and did conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful activity, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, and knowing that such financial transactions were designed in whole and in part to conceal and to disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit, mail fraud, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

FORFEITURE ALLEGATION
(As to Counts One and Two)

16.   As a result of committing one or more of the mail fraud and conspiracy offenses alleged in Counts One and Two of

this Indictment, MICHAEL SCHLUSSEL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to at least $1,000,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the mail fraud and conspiracy offenses alleged in Counts One and Two of this Indictment.

### Substitute Asset Provision

17. If any of the forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 21, United States Code, Section 853(p) and
Title 28, United States Code, Section 2461.)

## FORFEITURE ALLEGATION
(As to Count Three)

18.  As a result of committing the money laundering conspiracy offense alleged in Count Three of this Indictment, MICHAEL SCHLUSSEL, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offenses, and all property traceable to any such property, including, but not limited to, at least $1,000,000 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offenses or is traceable to such property.

### Substitute Assets Provision

19.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third person;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

MICHAEL SCHLUSSEL,

                     Defendant.

---

**INDICTMENT**

08 Cr.

(Title 18, United States Code, Section 1341, 1349 & 2; Title 18, United States Code, Section 1956(h))

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

---

7/28/08  FILED INDICTMENT. CASE ASSIGNED TO JUDGE HOLWELL.

                                       ELLIS M.J.

0293