```
                                        USDC SDNY
                                        DOCUMENT
                                        ELECTRONICALLY FILED
**UNITED STATES DISTRICT COURT**        DOC #: _____
**SOUTHERN DISTRICT OF NEW YORK**       DATE FILED: Feb. 7, 2013
```

------------------------------------X
MICHAEL SCHLUSSEL,                  :
                                    :
                    Petitioner,     :    No. 11 Civ. 5860 (JFK)
                                    :    No. 08 Cr. 694 (JFK)
                                    :
    -against-                       :    **MEMORANDUM OPINION**
                                    :          **& ORDER**
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                    Respondent.     :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Petitioner Michael Schlussel ("Petitioner" or "Schlussel") moves pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure to reopen the time to file an appeal of this Court's Opinion and Order, entered on October 18, 2012, denying his pro se § 2255 petition (the "Order"). He also seeks a Certificate of Appealability ("COA") from this Court. For the reasons that follow, Petitioner's motion to reopen the time to appeal is granted, and his request for a COA is denied.

    The October 18, 2012 Order denied Schlussel a COA because the Court determined that he had made no substantial showing of a denial of a constitutional right, as is required by 28 U.S.C. § 2253. See Schlussel v. United States, No. 11 Civ. 5860, 2012 WL 5005666, at *5 (S.D.N.Y. Oct. 28, 2012). Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure,

Schlussel had sixty days from the entry of the Order to appeal to the Second Circuit for a COA. This period elapsed on December 17, 2012. In his motion to reopen the time to file an appeal, Schlussel states that he did not receive a copy of the Order, or notice thereof, and did not see the Order until the week ending January 18, 2013. (Mot. at 2.)

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits a district to reopen the time to file an appeal for a period of 14 days, but only if three conditions are satisfied. First, the court must find that "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A). Rule 77(d), in turn, directs the clerk of court to serve notice of the order on all parties and to record such notice on the docket sheet. See Fed. R. Civ. P. 77(d)(1). Second, the motion to reopen "must be filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). Finally, the court must find that "no party would be prejudiced." Fed. R. App. P. 4(a)(6)(C).

All three conditions appear to be met in this case. First, Petitioner represents that he never received notice of the Order

2

under Rule 77(d), and there is no record of such service on the docket.[1]  Second, his motion to reopen is dated January 25, 2013 — within 180 days of the Order.  Finally, it is apparent to the Court that the Government will not be prejudiced if Petitioner is permitted to appeal the Order.  Accordingly, Schlussel's motion to file an appeal is granted.  Pursuant to Rule 4(a)(6), Schlussel has 14 days from the date this order is entered to file his appeal.

Nevertheless, a certificate of appealability "is required to appeal from a final order in a habeas corpus proceeding." Thaler v. United States, 706 F. Supp. 2d 361, 378-79 (S.D.N.Y. 2009); accord 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."); Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012).  The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c).  This Court previously concluded that Schlussel made no such showing, and

---

[1] Although my chambers mailed Petitioner a copy of the Order on or about October 18, 2012, Rule 4(a)(6) specifically requires notice under Federal Rule of Civil Procedure 77(d) — that is, notice by the clerk of court or a party pursuant to Rule 5(b).  There is no record that Schlussel received such notice, and thus he meets the requirement of Rule 4(a)(6)(A).  Similarly, the alternative deadline in Rule 4(a)(6)(B), stating that the motion to reopen must be filed "within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry," is inapplicable to Schlussel.

his latest motion does nothing to alter that conclusion. See Schlussel, 2012 WL 5005666, at *5. Accordingly, no COA will issue.

To summarize, Schlussel's motion to reopen his time to file a notice of appeal is granted, and he has fourteen days following the entry of the instant order to seek a certificate of appealability from the Second Circuit. Pursuant to Rule 77 of the Federal Rules of Civil Procedure, the clerk of court is directed to serve notice of the entry of this order on Petitioner, and to record the notice on the docket. Petitioner is to be served at the following address: Michael Schlussel, Reg. No. 60881-054, Devens Federal Center, P.O. Box #879, Ayer, MA 01432-0879.

**SO ORDERED.**

Dated:   New York, New York
         February 7, 2013

_____
John F. Keenan
United States District Judge