UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
MICHAEL SCHLUSSEL,                 :
                                   :
                    Petitioner,    :
                                   :        No. 08 Cr. 694 (JFK)
    -against-                      :        **OPINION & ORDER**
                                   :
UNITED STATES OF AMERICA,          :
                                   :
                    Respondent.    :
---------------------------------- X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____                │
│ DATE FILED:__May 9, 2014____         │
└─────────────────────────────────────┘
```

**JOHN F. KEENAN, United States District Judge:**

Petitioner Michael Schlussel has filed an "omnibus" motion seeking various forms of relief. For the reasons that follow, Petitioner's motion is denied in all respects.

**I.   Background**

On March 25, 2008, Petitioner was charged with three counts, two of which went to trial before a jury: (1) conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349; and (2) mail fraud, in violation of 18 U.S.C. § 1341. These charges arose out of Petitioner's scheme to defraud hundreds of companies by mailing them sham invoices for fluorescent light bulbs they had not ordered, and depositing the victims' payments into a bank account that he controlled. On March 10, 2009, Petitioner was convicted by a jury of both counts. This Court sentenced him to 108 months' imprisonment, well below the Guidelines range of 210 to 262 months, on July 30, 2009.

1

Petitioner appealed to the Second Circuit, which upheld his convictions and his sentence. See United States v. Schlussel, 383 F. App'x 87 (2d Cir.) (summary order), cert. denied, 131 S. Ct. 534 (2010).  He next moved for a reduction of his sentence on the basis that he had unearthed a terrorist recruiting cell in Brooklyn.  Noting that the Government had neither sought Schlussel's cooperation nor filed a Rule 35(b) motion, this Court denied his request. See United States v. Schlussel, No. 08 Cr. 694, 2011 WL 3055288 (S.D.N.Y. July 19, 2011).  Petitioner then filed a motion under 28 U.S.C. § 2255 on due process and ineffective assistance grounds.  This Court denied the motion as meritless. See Schlussel v. United States, No. 11 Civ. 5860, 2012 WL 5005666 (S.D.N.Y. Oct. 18, 2012). Most recently, Petitioner again sought a reduction in his sentence by letter dated May 30, 2013.  This Court concluded that Petitioner did not qualify for such a reduction, and denied the application in an Order that was sealed at Petitioner's request.

In the instant "omnibus" motion, Petitioner seeks a reduction in his sentence under 18 U.S.C. § 3582(c).  He also requests that this Court recuse or disqualify itself.  He further seeks a writ of mandamus.  Finally, Petitioner has filed a separate motion to appoint counsel under the Criminal Justice Act, 18 U.S.C. § 3006A.

## II.  Discussion

Because Schlussel appears pro se, this Court has liberally interpreted his submissions "to raise the strongest arguments that they suggest." E.g., Gerstenbluth v. Credit Suisse Sec. (USA) LLC, 728 F.3d 139, 142–43 (2d Cir. 2013).  Even under this liberal review, Petitioner has not shown any right to relief.

### A.   Petitioner Remains Ineligible for a Reduced Sentence

After detailing his health issues, Petitioner invokes 18 U.S.C. § 3582(c) and requests "compassionate release."  As this Court observed in its previous Order, however, Section 3582(c) makes clear that a court "may not modify a term of imprisonment once it has been imposed" unless one of four exceptions applies. 18 U.S.C. § 3582(c); see United States v. DeFeo, No. 90 Cr. 250, 2008 WL 2557425, at *2 (S.D.N.Y. June 26, 2008), aff'd, 327 F. App'x 257 (2d Cir. 2009); see also Stewart v. United States, Nos. 13 Civ. 5279, 02 Cr. 395, 2013 WL 4044756, at *3–4 (S.D.N.Y. Aug. 9, 2013).  Here, Petitioner relies on the third exception, set forth in § 3582(c)(1)(B), which allows the Court to modify a term of imprisonment where permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure.  Rule 35, in turn, permits a sentence reduction only (1) in the case of clear error, or (2) where the defendant has substantially assisted the Government, and then only upon the Government's motion. Fed. R. Crim. P. 35(b).

3

As before, the Court can discern no basis for a lawful sentence reduction on these grounds or any other.  Neither the Director of the Bureau of Prisons nor any other government actor have moved for early release, nor have they indicated support for Petitioner's motion.  And while his memorandum expresses dissatisfaction with the medical care at FMC Devens, the Court observes that Petitioner has since been relocated to MCFP Springfield, a federal medical center.  Accordingly, Petitioner's request for a reduced sentence or compassionate release is denied.

**B.   Petitioner Raises No Grounds for Recusal**

Petitioner seeks "the immediate recusal/disqualification" of this Court from ruling on his latest motions. (Pet. at 4.) He cites the Court's denial of his pretrial motion to dismiss the indictment as "specific evidence" of "personal bias and prejudice." (Id.) See United States v. Schlussel, No. 08 Cr. 694, 2008 WL 5329969 (S.D.N.Y. Dec. 15, 2008).  Schlussel's pretrial motion had argued that his conduct did not constitute criminal fraud "but merely breach of contract" (Hurwitz Dec. of Oct. 30, 2008 ¶¶ 5-21), an argument this Court considered and rejected as meritless, see Schlussel, 2008 WL 5329969, at *1-2. Now, however, Petitioner contends that this Court "failed to provide a grand jury concurrence form as required to 'prove' a legal indictment," and also "failed to prove a legal and

4

constitutionally impanelled grand jury." (Pet. at 4.)  Although his motion to dismiss raised none of these points, he urges that he has raised jurisdictional questions that cannot be waived or forfeited.

Petitioner's argument fails on multiple levels.  First and foremost, the Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).  It follows that Schlussel cannot show this Court's bias by merely pointing to a prior Opinion — particularly one wherein the purported grounds for relief were never argued.  Nor can Schlussel otherwise demonstrate that "an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (alteration and internal quotation omitted).

Moreover, Petitioner's underlying claims about his grand jury are substantively meritless, even assuming he is correct that they are jurisdictional and therefore timely. But see United States v. Dixon, Nos. 08 Cr. 37, 11 Civ. 219, 2011 WL 4398100, at *3 (S.D. Ohio July 25, 2011) (claim regarding the grand jury concurrence form ruled non-jurisdictional); but cf. James v. United States, No. 09 Civ. 344, 2012 WL 2090795, at *3 (W.D.N.C. June 11, 2012) (concluding that because the petitioner

did not raise his grand jury challenges in the district court, they may not be raised "for the first time in a collateral proceeding unless Petitioner demonstrates cause excusing his procedural default and actual prejudice resulting from the errors"). It is well settled that matters before a grand jury may not be disclosed absent a showing by the defendant, and that "[g]rand jury proceedings carry a presumption of regularity." E.g., United States v. Reyes, 921 F. Supp. 189, 190 (S.D.N.Y. 1996) (citations omitted). Here, Schlussel offers absolutely no factual basis to challenge that presumption, his invocation of "a long and storied history of grand jury fraud" notwithstanding. (Pet. at 5.) See United States v. Canty, No. 97 Cr. 97, 1998 WL 903621, at *1 (N.D.N.Y. Dec. 19, 1998); cf. Samas v. United States, No. 12 Civ. 151, 2014 WL 1653219, at *9 (D. Conn. Apr. 23, 2014). In the absence of such "specific factual allegations," Canty, 1998 WL 903621, at *1, Petitioner's attenuated claims about his grand jury, and especially about this Court's failure to sua sponte investigate the matter, are rejected as utterly baseless.

## C.   Petitioner Is Not Entitled to a Writ of Mandamus

Petitioner moves for a writ of mandamus "to allow review of discriminatory claims in the selection of persons for service on grand or petit juries in this matter." (Pet. at 9.) A district court has "original jurisdiction of any action in the nature of

6

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  However, the writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." Cheney v. U.S. Dist. Court, 542 U.S. 367, 380 (2004) (citation and internal quotation marks omitted); see also Escaler v. U.S. Citizenship & Immigration Servs., 582 F.3d 288, 292 (2d Cir. 2009) ("A party who seeks a writ of mandamus must show a clear and indisputable right to its issuance.").  The Second Circuit has established three requirements before the writ may issue:  (1) a clear right in the petitioner to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the act in question; and (3) no other adequate remedy available. Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989); see Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Because Petitioner has offered no factual basis to support his allegations regarding the juries in his case, he has not clearly and indisputably shown a right to mandamus relief. The motion is denied.

### D.   Petitioner's Motion to Appoint Counsel Is Denied

By separate motion, Petitioner seeks the appointment of CJA counsel "to assist in all negotiations with the government in this matter." (ECF. No. 77.)  Although this request is somewhat

vague, the Court liberally construes it as related to Petitioner's repeated applications for § 3582(c) relief.

The Second Circuit has repeatedly stated that "there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and that the provision of counsel for such motions should rest in the discretion of the district court." United States v. Cirineo, 372 F. App'x 178, 179 (2d Cir. 2010) (summary order) (citing United States v. Reddick, 53 F.3d 462, 464–65 (2d Cir. 1995)). See generally Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that prisoners do not have a constitutional right to counsel when collaterally attacking their convictions). Where it is readily apparent that the underlying motion is meritless, the court may properly deny the movant's request for the appointment of counsel. Cirineo, 372 F. App'x at 179–80; see Reddick, 53 F.3d at 465 n.2.

Here, the Court notes that this is at least the third time Schlussel has petitioned for a reduction in his sentence. None of his submissions have even hinted at colorable grounds for substantive relief. It would be inappropriate to appoint counsel under these circumstances. The application is therefore denied.

## III. Conclusion

The Court has considered all of Petitioner's arguments and has determined that they are without merit. Accordingly, Petitioner's motions to modify his sentence, for recusal of this Court, for a writ of mandamus, and for the appointment of counsel are denied in all respects.

**SO ORDERED.**

Dated:     New York, New York
           May  9  , 2014

John F. Keenan
United States District Judge